UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL L. DUVERGEL FAVIER,

    Plaintiff,
v.                                                                                    Case No: 8:22-cv-1601-TPB-TGW

DART CONTAINER COMPANY
OF FLORIDA LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on "Defendant's Motion for Summary Judgment," filed on June 20, 2025. (Doc. 62). Plaintiff Angel L. Duvergel Favier filed a response in opposition on July 11, 2025. (Doc. 66). Defendant Dart Container Company of Florida LLC filed a reply on July 25, 2025. (Doc. 73). Based on the motion, response, reply, court file, and record, the Court finds as follows:

### Background

Plaintiff was born in Cuba and moved to the United States in 2005. The same year, he began working in one of Defendant's facilities in Pennsylvania. He transferred to Defendant's facility in Plant City, Florida, in 2018, working there as a laborer in shipping and receiving. Defendant's records document a history of performance issues with Plaintiff beginning no later than 2018, including mistakes in packing and loading. These issues resulted in coaching and other disciplinary action from 2018 to 2021, including a two-day suspension in November 2021. Under

Defendant's graduated discipline policy, additional performance problems following a suspension constituted grounds for discharge.

In January 2022, Defendant transferred Plaintiff from shipping to the "reclaim" department, which Plaintiff alleges was a demotion and involved a reduction in salary. Defendant's stated reason for the transfer was to remedy Plaintiff's performance issues by placing him in an environment where he could succeed. On March 23, 2022, Defendant terminated Plaintiff's employment on the ground that Plaintiff had his cell phone in a work area in violation of Defendant's cell phone policy.

Plaintiff filed an administrative claim with the Equal Employment Opportunity Commission, which issued a right to sue letter on May 13, 2022. On July 25, 2022, Plaintiff filed a form "Complaint for Employment Discrimination" alleging violations of Title VII of the Civil Rights Act of 1964 between January 7, 2022, and March 23, 2022. Plaintiff alleges discrimination based on national origin and checked boxes on the form complaint for termination of his employment, failure to promote him, "unequal terms and conditions" of his employment, and retaliation. Defendant has moved for summary judgment on all claims.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Only the existence of a genuine issue of material fact will preclude summary judgment.  *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact.  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Defendant argues that Plaintiff's national origin discrimination claim fails because, among other reasons, Plaintiff has not pointed to any comparators, that is, similarly situated non-minority employees who were treated more favorably than Plaintiff.  Defendant further argues that Plaintiff has no viable retaliation claim because Plaintiff has no evidence that he engaged in the required statutorily protected activity.  For the reasons discussed below, the Court agrees with Defendant on these issues and therefore does not reach Defendant's other arguments.

*Discrimination*

Title VII forbids employment discrimination against any person based on that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Prohibited discrimination includes discrimination in hiring, firing, promotion, and other terms and conditions of employment. *See Hyde v. K.B. Home, Inc.*, 355 F. App'x 266, 271 (11th Cir. 2009). Where, as here, "direct evidence of unlawful discrimination is lacking . . . plaintiffs may instead turn to the burden-shifting framework" set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). *See Flowers v. Troup Cty., Ga. Sch. Dist.*, 803 F.3d 1327, 1335 (11th Cir. 2015).

Under the familiar *McDonnell Douglas* framework, the plaintiff must make out a prima facie case of intentional discrimination by showing: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to perform the job in question; and (4) his employer treated "similarly situated" employees outside his class more favorably. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc); *Cooper v. So. Co.*, 390 F.3d 695, 735 (11th Cir. 2004). To be "similarly situated," the plaintiff and the comparator or comparators the plaintiff identifies must be "sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished.'" *Lewis*, 918 F.3d at 1228 (quoting *Young v. United Parcel Service, Inc.*, 547 U.S. 206, 209 (2015)).

Establishing a prima facie case creates an initial presumption of discrimination. *Flowers*, 803 F.3d at 1336. The burden then shifts to the defendant

to "articulate a legitimate, nondiscriminatory reason for its actions." *Lewis*, 918 F.3d at 1221 (citing *Burdine*, 405 U.S. at 253). "Once the employer advances its legitimate, nondiscriminatory reason, the plaintiff's prima facie case is rebutted and all presumptions drop from the case." *Flowers*, 803 F.3d at 1336 (citing *Burdine*, 450 U.S. at 255). The burden then shifts back to the plaintiff to demonstrate that the defendant's stated reasons were a pretext for discrimination. *Lewis*, 918 F.3d at 1221.

In moving for summary judgment, Defendant argues that Plaintiff has failed to make out a prima facie case because he has failed to point to similarly situated comparators outside Plaintiff's protected class who were treated more favorably than Plaintiff was treated. Plaintiff does not address this point in his response. Instead, he points generally to various actions by Defendant – his transfer to the reclaim department (with an accompanying dispute regarding his start date, vacation time, and a loss of compensation), a drop in his performance evaluations, and finally, his termination. Plaintiff, however, does not attempt to identify similarly situated comparators with respect to any of these actions as required to raise an inference that the events involved discrimination. Accordingly, Plaintiff has failed to make out a prima facie case under the *McDonnell Douglas* burden-shifting approach.[1]

---

[1] Plaintiff's form complaint included a claim for failure to promote. Failure to promote claims are analyzed under a variant of the burden-shifting analysis described above, with the comparators required by the fourth prong of the prima facie case consisting of other persons who were promoted although equally or less qualified for the position than the plaintiff. *See, e.g., Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 866-68 (11th Cir. 2025). Where the employer did not fill the position, the plaintiff may satisfy the fourth

A Title VII plaintiff may also avoid summary judgment by pointing to a "convincing mosaic" of circumstantial evidence pointing to discrimination. Such evidence might include "evidence of suspicious timing, ambiguous statements, or other information from which unlawful intent may be inferred; evidence of systematically better treatment of similarly situated employees; or evidence that the employer's justification for its action is pretextual." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023); *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019) (internal quotation omitted).

Plaintiff has failed to present the required convincing mosaic. He points to no statements related to his nationality or ethnicity, no suspicious timing suggesting an intent to discriminate against him based on his minority status, and no evidence of systematically better treatment of non-Cuban or non-minority employees. Plaintiff also fails to point to any evidence that would support a finding that Defendant's proffered reasons for any of the decisions and actions he mentions were pretextual. The record shows only Plaintiff's disagreement with the way he was treated by his employer and generalized allegations of unfairness.

---

prong by evidence that he was rejected, and that the defendant continued to look for other applicants with the same qualifications. *See, e.g., McDonnell Douglas*, 411 U.S. at 802. Plaintiff points to no evidence to support his claim under either of these scenarios. The only reference in his response to a failure to promote claim comes in connection with Defendant's argument on exhaustion of administrative remedies. The Court does not reach the exhaustion issue in light of its disposition of all Plaintiff's claims on the merits. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550 (2019) (holding that Title VII's exhaustion requirement is not jurisdictional).

The law is clear that a plaintiff cannot avoid summary judgment in a case of this nature simply by showing that he or she disagrees with an employer's decision or by showing that, contrary to the employer's view, the plaintiff was, in fact, a good employee. *See Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) (en banc). Nor will the plaintiff's subjective perception of discrimination suffice. *See Cusick v. Yellowbook, Inc.*, 607 F. App'x 953, 955 (11th Cir. 2015) ("The inquiry into pretext is concerned with the employer's beliefs, not the employee's perceptions of his performance."). Instead, the plaintiff must show the defendant's proffered reasons for its actions are attended by such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" that a jury could reasonably conclude the reasons are "unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted). The plaintiff's showing must cast such doubt on the proffered non-discriminatory reason that a reasonable jury could conclude that the proffered reason was not the defendant's real reason, and that the real reason was discrimination. *See Gogel*, 967 F.3d at 1136.[2]

Plaintiff points to no record evidence that would support a finding of pretext under these standards, and the Court's independent review of the record has revealed none. Plaintiff argues that he received good performance evaluations in the past, pointing specifically to an annual review signed on March 29, 2019. But

---

[2] In some cases, evidence that the defendant's proffered reason was not the true reason, combined with the showing of disparate treatment of comparators presented in the plaintiff's prima facie case, may allow an inference of discrimination. *See, e.g., Phillips v. Legacy Cabinets,* 87 F.4th 1313, 1326 (11th Cir. 2023). As discussed above, Plaintiff has presented neither comparator evidence nor evidence that Defendant's proffered reasons were pretextual.

that evaluation was several *years* before his transfer and termination. This evidence therefore does not allow an inference of pretext or discrimination with respect to Defendant's later actions.

In fact, Plaintiff does not argue that the drop in his performance evaluations was due to discrimination; he suggests instead that it was in retaliation for a complaint he made to human resources in 2020. But retaliation for filing a complaint is not the same as discrimination based on national origin, and as discussed below, his human resources complaint alleged he was the victim of "bullying" without any reference to his national origin or other prohibited discrimination.

Plaintiff also challenges Defendant's proffered reason for his termination, but, here again, his arguments and evidence fall far short of demonstrating pretext. Defendant submitted a declaration signed by the human resources manager for Defendant's Plant City facility stating that Plaintiff was terminated for violating Defendant's cell phone policy because he had a cell phone "on Dart's work floor." Defendant's internal records documenting the reason for Plaintiff's termination include the additional detail that the phone was "in the reclaim area, found in a room hooked up to a charger."

Plaintiff raises two arguments with respect to Defendant's proffered reason. First, Plaintiff argues that Defendant's written policy expressly prohibits only the *use* of cell phones in the work areas, while he was terminated for merely *having* a phone in the work area. However, while the policy states that cell phone use is

prohibited, it also states that it is "expected" that employees will store phones in their lockers or in their cars. Defendant's interpretation of the stated "expectation" as a rule that Plaintiff violated may be overly strict or harsh but that does not mean it was pretextual. As the Eleventh Circuit explained in *Langford v. Magnolia Advanced Materials, Inc.*:

> Title VII does not take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules. Nor does Title VII protect against harsh treatment in the workplace or require an employer to have good cause for its decisions. An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.

709 F. App'x 639, 641 (11th Cir. 2017) (citing *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984)); *see also Gogel*, 967 F.3d at 136 (explaining that "Title VII does not empower a court (or jury) to 'sit as a super-personnel department that reexamines an entity's business decisions'") (quoting *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991)).

Plaintiff's second argument is that Defendant was mistaken about the location of the cell phone. Defendant maintains the phone was located "on Dart's work floor." In his deposition, Plaintiff testified that his phone was located in a locker or in a changing area that was separate from the area where he worked. This factual difference makes no difference for purposes of this motion. Even if Defendant was incorrect about the phone's location, that would not by itself support a finding that Defendant's stated reason was pretextual because an employer may fire an employee for a "reason based on erroneous facts" without violating Title VII.

*See Langford*, 709 F. App'x at 641. Therefore, Plaintiff's attempt to avoid summary judgment by asserting that he did not engage in the conduct for which he was fired "misapprehends the focus of the inquiry in Title VII cases." *See Gogel*, 967 F.3d at 1148. The pretext inquiry does not turn on "whether the employee actually engaged in the conduct, but instead whether the employer in good faith believed that the employee had done so." *Id.*

In other words, the pretext inquiry does not turn on "reality as it exists outside the decision maker's head," but instead simply on whether the employer actually believed the reason it gave for its actions. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (holding that the issue with respect to pretext was whether the plaintiff's employers were "dissatisfied with her for . . . non-discriminatory reasons, even if mistakenly or unfairly so, or instead merely used those complaints about [the plaintiff] as cover for discriminating against her because of her Cuban origin."). And on the issue of Defendant's belief in the truth of its stated reason, Plaintiff offers no evidence or argument. Plaintiff has therefore failed show pretext or otherwise present a convincing mosaic of circumstantial evidence. Defendant is entitled to summary judgment on this claim.

*Retaliation*

Title VII prohibits retaliation against an employee because the employee has engaged in protected activity, that is, because he or she "has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). To establish a claim for retaliation under Title VII, a plaintiff must prove: (1) the

plaintiff engaged in statutorily protected activity; (2) he or she suffered a materially adverse action; and (3) there is some causal relation between the two events. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). An employee engages in "statutorily protected activity" only where he or she "explicitly or implicitly communicates a belief that the practice constitutes unlawful employment discrimination." *Murphy v. City of Aventura,* 383 F. App'x 915, 918 (11th Cir. 2010) (quotation omitted); *Galdieri–Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir. 1998). It follows that Title VII does not prohibit "retaliation" for employee complaints about matters other than race, national origin, or other issues covered by Title VII.

While it is true that Plaintiff submitted a number of complaints to Defendant's human resources department, including a complaint about "bullying," nothing in the record indicates Plaintiff communicated to Defendant that any of the conduct he complained of related to his national origin or to any other matter covered by Title VII. Since Plaintiff has failed to present evidence he engaged in protected activity, he has failed to meet one of the elements of a retaliation claim. *See Murphy,* 383 F. App'x at 918 (holding that the plaintiff failed to show protected activity where she asked her harasser to "to stop bullying her" and complained to other managers that the harasser "had used 'vulgar, inappropriate language' and had engaged in 'bullying, yelling, and screaming'"). As such, summary judgment on

the retaliation claim must be granted.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Summary Judgment" (Doc. 62) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Defendant Dart Container Company of Florida LLC and against Plaintiff Angel Duvergel Favier.

(3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of September, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE